IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| QUIENCY EDWARDS | § | |
| v. | § | CIVIL ACTION NO. 6:07cv474 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Quiency Edwards, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of prison disciplinary action taken against him. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Edwards says that he was convicted of the disciplinary offense of assaulting an officer on June 7, 2007. He asserts that he was denied an impartial hearing officer, the charging officer did not file the required forms, the charges were fabricated, the evidence did not bear sufficient indicia of reliability and was insufficient to support the conviction, the hearing officer failed to say why he relied on the charging officer's report and testimony, and the charging officer testified that Edwards had not touched her. As punishment for the case, Edwards received 14 days of solitary confinement, 45 days of cell and commissary restrictions, reduction in classification status, and the loss of 365 days of good time. He acknowledged that he is not eligible for release on mandatory supervision.

After review of the pleadings, the Magistrate Judge issued a Report on November 9, 2007, recommending that the petition be dismissed. The Magistrate Judge observed that the issue is whether Edwards had stated the deprivation of a protected liberty interest under Sandin v. Conner, 115 S.Ct. 2293 (1995). That case held that the States may, under certain circumstances, create

1

liberty interests which are protected by the Due Process Clause, but that these interests are generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin, 115 S.Ct. at 2301.  The Court stated that the operative interest involved was the nature of the deprivation rather than the language of the regulations.

In this case, the Magistrate Judge said, the deprivations of 14 days of solitary confinement, 45 days of cell and commissary restrictions, and reduction in classification status do not impose atypical or significant hardships in relation to the ordinary incidents of prison life.  Consequently, Edwards' claims concerning them lacked merit because they did not implicate a constitutionally protected liberty interest.

Under certain circumstances, the Magistrate Judge said, the loss of 365 days of good time could impose an atypical and significant hardship.  Such circumstances exist when an inmate is eligible for release on mandatory supervision, because the loss of the good time could result in the denial of a liberty interest in early release from prison.  *See* Madison v. Parker, 104 F.3d 765, 7667 (5th Cir. 1997).

In this case, however, Edwards concedes that he is not eligible for release on mandatory supervision, and so the loss of good time serves only to affect his eligibility for release on parole, in which no liberty interests exists under Texas law.  Because Edwards failed to show the deprivation of a constitutionally protected liberty interest, the Magistrate Judge said, his claim for habeas corpus relief must fail.  The Magistrate Judge also recommended that Edwards be denied a certificate of appealability *sua sponte*.

Edwards filed objections to the Magistrate Judge's Report on November 29, 2007.  These objections assert that the Magistrate Judge misconstrued his petition; he says that he is not complaining about the deprivations, but the fact that he was denied due process in the hearing itself, which he says is a constitutional violation.  He again maintains that he was denied a fair and

impartial decision-maker, that the evidence was insufficient to support the conviction, and that he received an inadequate written statement of the result of the hearing.

Although Edwards argues that he is not complaining about the punishment assessed, the Supreme Court clearly stated in <u>Sandin</u> that the operative interest was the nature of the deprivation – in other words, the punishment assessed. Edwards has not shown that he was deprived of a constitutionally protected liberty interest through the nature of the deprivations imposed upon him. His contentions would in effect render <u>Sandin</u> meaningless, because inmates could evade that decision simply by asserting that they were challenging the hearing itself rather than the nature of the deprivations. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Quiency Edwards is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 11th day of December, 2007.**

3

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE